## HANNAH RESSOR

*v.*

## MOSES RESSOR.

1. ALIMONY—*not limited to one-third of income from husband's property.* In fixing the amount of alimony which a woman should be allowed, the court is not limited to one-third of the increase or product of the husband's property. Natural justice would require that when the wife has contributed equally with her husband to the accumulation of property, she should have an equal right to its enjoyment.

2. SAME—*ability of woman to work not to be considered in fixing amount.* Where a husband and wife have lived together until they are too old to perform hard work, and have, by their joint labor, management and economy, acquired property sufficient to support them both comfortably, and the wife then obtains a divorce, she will be entitled to such an amount of alimony as will support her comfortably, without reference to her ability to labor, and thereby contribute to her own support.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. GEORGE E. WAIT, and Mr. GEORGE W. SHAW, for the appellant.

Mr. C. DUNHAM, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed her bill against appellee to procure a divorce, and charged extreme and repeated cruelty, drunkenness and adultery. The defendant having failed to answer, the bill was taken as confessed, and a decree of divorce was rendered, and, at a subsequent time, the question of alimony was heard, when the court found and decreed that defendant pay to complainant $350 yearly, in semi-annual payments. Complainant brings the case to this court on appeal, and asks a reversal, because the amount allowed is too small.

It appears that the parties were married and lived together for thirty-seven years, and raised a family of seven children. They were married in the State of Pennsylvania, and were, at the time, poor, neither of them having much, if any, property. The evidence shows that the parties were both industrious and economical, and that they, by their joint efforts, had accumulated, as appellant claims, $22,000, and appellee admits $15,000 worth of property, real and personal, and he claims that he owes $4000, which is not admitted by appellant.

We are inclined to the opinion that the evidence shows, when all considered, that his property, over and above all indebtedness, is worth from $18,000 to $19,000. It, however, consists principally of real estate, being two farms, containing in the aggregate over 500 acres. It appears, however. that only a portion of these are in cultivation, and the evidence varies as to its rental value. There is an orchard of 400 or 500 bearing trees, but the evidence shows that it is not in very good condition.

It appears that appellee, before he left Pennsylvania, left

his wife in possession of a little farm of 60 acres, which he had purchased on credit, and that he was in debt to the extent of all he had, and went to and remained in California for three years. On his return he brought with him $1000. Whilst there, all the personal property he left with appellant was sold to pay his debts. Appellant, during this time, by her own efforts, and without any assistance from him, supported herself and children. After his return they removed to this State, and the land was purchased. She inherited from her father's estate $560, nearly $400 of which is shown she gave to two of her sons. It is not claimed that any of this money was invested in or paid for these lands.

Appellant is shown to have been a very capable, industrious woman, attending to her family, her house, cooking, and working on the farm, doing a man's work besides, and to have been a good manager. She supported herself, costing her husband almost nothing for doctor's bills, they not having been $20 during their married life. In ten years she had but one dress bonnet and but one alpaca dress. With such industry, economy and management on her part. equal if not superior to his, it was but natural that they would be prosperous, and that at least moderate wealth would be the result.

It is urged that she brought him no money, and that his was invested in the land and he received no portion of the money she inherited from her father. This may all be true, but it does not, therefore, follow, that she has not contributed to its accumulation. She made and saved him money, which was quite as important. Whilst in California, she relieved him entirely from the support of his family, which, had it fallen on him, would, in all probability, have consumed all that he earned and brought home, and which purchased these lands. By her economy, management and industry, added to his, means were made to improve the lands and add to their value. Who can say that she has not contributed quite as much as he in its acquisition, and its improvement and increased value? Whilst he was earning the money in California, she was saving it in Pennsylvania. She in every way

contributed equally to its improvement, and is fully entitled in equity, and the broadest principles of justice, in her declining years, to a comfortable support from it. She should not be put off with what will barely prolong her existence.

It appears that she was fifty-nine years old at the time of the hearing, and was not in her former vigorous and robust health. She has probably passed the period when she will be able to perform much more physical labor. The infirmities of age must soon, according to the course of nature, render her at least comparatively helpless, and she must look to other sources than her own efforts for support. As we have seen, she has earned and is entitled to a comfortable support out of the joint accumulations of herself and her husband.

In consideration of all the evidence, we regard the amount fixed by the court as being too small. Her board, we presume, would cost her two-thirds of the amount, and the remainder would seem to be a scant allowance to purchase and make her clothing, pay doctor's bills, and other contingent expenses. At her age, her ability to work should not be taken into account, as the infirmities of age may and soon will prevent that, and even if it were not so, she, after her life of hard and incessant toil to accumulate this property, has the right to spend her declining years in ease and comfort, freed from toil and effort. This she has earned, and is entitled to it.

Nor is it an answer to say that she, by the decree, would get a third of the rents and profits arising from the property. The court is not bound by such considerations, but may look to what the property is capable of yielding. Converted into money, it could be made to yield a much larger sum; and if rented for cultivation and pasture, it would be reasonable to suppose that it might be made to yield $3 annually per acre. If so, one-third of the sum would be $500 per annum. But the court is not limited to a third of its income. This amount would not be unfair, unjust or unreasonable, even if it should require a sale of a portion of this property. Natural justice would say, that if she contributed equally to its acquisition, she has an equal right to its enjoyment. Independent of con-

ventional law or usage, such would be the decision. We are of opinion that $500 a year would be a moderate allowance, under the evidence in this case, and it would even justify the allowance of a larger sum.

If appellee thinks it difficult and embarrassing to pay that sum annually, he can relieve himself of it in this case by permitting the court to decree a gross sum or a portion of the real estate in lieu of annual alimony. This can be done on just and fair principles, and leave appellee with an ample competency to provide for the infirmities of age, and to render him comfortable in his declining years. Appellant being willing to receive a gross sum or a portion of the land, appellee can, if he choose, by consenting thereto, relieve himself from the payment of annual alimony.

The court below having fixed the alimony too low, the decree finding the amount will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*