Frank F. Cole

*v.*

Eleanor L. Cole.

*Filed at Ottawa May 12, 1892.*

1. Husband and wife—*property rights—allowance in case of separation.* In this State a husband owes the wife who by his fault has been driven to seek a permanent separation, not only reasonable support and maintenance, but also that she shall be put in no worse condition by reason of the marriage, the dissolution of which has been caused by his willful misconduct. Equity and good conscience require that the husband shall not profit by his own wrong, and that restitution be made to the wife of the property she brought to him, or a suitable sum in lieu thereof be allowed out of his estate, so far as may be done consistently with the preservation of the rights of each, and that a fair division shall be made, taking into consideration the relative wants, circumstances and necessities of each, and of the property accumulated by their joint efforts and savings. The policy of the law is to do justice, and to give to the injured wife not merely what necessity but justice demands.

2. It will be found, in practice, that the allowance will, in many cases, have to be made upon the basis of the support and maintenance of the wife, only, and growing out of the duty of the husband to suitably support and maintain her, as, when the wife has brought nothing to the husband and has contributed nothing to the accumulation of his estate, or when resort must be had to the future earnings of the husband, and the like cases. In this class of cases the rule has been adopted of treating the allowance as made upon the basis of support, only, so that if the wife remarries and acquires other means of support, the alimony will be discontinued or reduced.

3. SAME—*allowance in case of separation—rule at common law.* In England, prior to the passage of the Divorce act, (20 and 21 Vict. 85,) the courts were authorized to grant divorces *a mensa et thoro*, only, except for causes rendering the marriage void *ab initio*. There being no dissolution of the marriage, the property rights of the parties were unaffected by the decree, and the right of the wife to demand and the duty of the husband to provide support for her suitable to their means and condition in life continued as before. Then the alimony allowed is upon the basis of the wife's reasonable support during the separation.

4. SAME—*distinction as to the common law—rule under our law.* There is a marked difference in respect to the property rights of a wife under our law and at common law. The wife, under our law, if she has separate property, in common with the husband, is made liable for necessaries furnished the family. The husband and wife are placed on equal footing in respect to the interest each may have in the estate and property of the other, and husband and wife may contract with each other, and the wife with strangers, as if she were sole.

5. Under our statute the court may make such allowance in the nature of alimony, as, from the nature of the case, shall be fit, reasonable and just, taking into consideration the circumstances of the parties. Preference is expressed in many of the cases determined by this court, for the practice of making the allowance payable in installments; but the right and power of the court to award alimony in gross, in appropriate cases, is clearly recognized.

6. ALIMONY—*modification of decree—increasing or diminishing the allowance.* In such case, if the wife subsequently acquires property, so that her means increase, or the faculties of the husband diminish, there may be a decrease of alimony. So on the other hand, if the wife's wants and necessities increase and the ability of the husband to pay be increased, there may, likewise, be an appropriate exercise of the power of the court in the increase of the allowance.

7. The power of the court over the subject matter of alimony, in case of divorce, is not exhausted by the entry of the original order fixing the same, but is, under the statute, a continuing power, for the pur-

pose, at any time, of making such alterations thereof as shall appear to the chancellor, in the exercise of a judicial discretion, to be reasonable and proper.

8. Same—*grounds for reducing—re-marriage—acquiring additional property.* In those jurisdictions where, by statute, there is to be a division of property,—that is, when alimony is a portion of the husband's estate allotted to the wife,—re-marriage of the wife, or obtaining other means of support, will not afford ground for a reduction of alimony.

9. Same—*not changed for facts existing when decree was rendered— res judicata.* In the absence of fraud in procuring the decree, the court will not, at a subsequent term, modify or change the allowance of alimony upon the state of facts existing when the decree was rendered, or review the action of the chancellor therein. The statute only authorizes the interposition of the court to change the allowance when the circumstances of the parties have changed since the former order. Such modification is confined to causes accruing subsequently to the order of allowance.

10. The parties having had their day in court, with right of appeal if the decree is erroneous, it can not be supposed that the statute is extended to give the court power to sit in review of its decrees, or that the same or some other chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry. In the absence of new facts the original decree is deemed to be *res judicata* as between the parties.

11. Same—*causes for reduction arising after decree.* Cases may arise where it may be highly unjust and inequitable that the husband should be compelled to continue to support his divorced wife. When the husband is required, by his daily labor, to support his wife, if she should lead a life of idleness and prostitution, not only reasons of justice but authority would seem to justify the court, in the exercise of its general chancery powers, to modify or revoke the former order for alimony.

12. Same—*whether affected by the conduct of the wife after divorce and decree for alimony.* In case of divorce the courts look at the standing of the parties, the conduct of each and from whence the estate is derived, and, having due regard to the living of each, will make such allowance to the wife as is reasonable and just. When the allowance has been thus made neither has the right to complain of the subsequent conduct of the other, and the failure of the wife to lead a chaste life will afford no ground for depriving her of her alimony as previously fixed, nor will the failure of the husband to conduct himself properly afford ground for increasing her allowance.

13. Where a wife obtains a divorce for the misconduct of the husband, and a decree for alimony, her subsequent adultery will not au-

thorize the court to alter, modify or set aside the decree for alimony. After the divorce the wife owes no duty to the husband the non-performance of which will forfeit her right to the alimony awarded to her.

14. SAME—*petition to vacate decree for alimony—essential averments.* A petition by a husband to be relieved from the further payment of alimony awarded to his wife on decree of divorce for his misconduct, on the ground that she is living a life of prostitution, is clearly insufficient, if it fails to show that the husband derived no estate or property from his wife, or that his estate and property are not the result of their joint earnings and savings. The petition should also show whether the wife has other means of support, and that he has paid the alimony due her up to the time of the filing of his petition, and that his fault or misconduct did not cause the wrongful acts of his wife. While in default himself by neglecting or refusing to comply with the requirements of the decree, he can not be heard to ask for its being vacated.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

October 27, 1887, plaintiff in error filed his petition in the Superior Court of Cook county, in which it was alleged that Eleanor L. Cole filed her bill for divorce in the said court, against him, and that on the 20th day of May, 1885, a decree of divorce was entered dissolving the marriage, and decreeing that the petitioner pay said complainant, as and for alimony, the sum of $50 per month, commencing June 1, 1885, and continuing until the further order of the court; that in pursuance of said decree he paid $200, parcel of said alimony; that at the time he paid said sum he was informed and believed that said Eleanor had been guilty of acts of adultery, but did not have the evidence thereof. The petition then charges that ever since the entry of said decree, and before, the said Eleanor has been constantly guilty of acts of adultery, and has led an immoral, unchaste and adulterous life, and charges such acts with a person named, and others in Chicago, Toronto and elsewhere, and makes general charges

of prostitution, and alleges that at the time of the divorce he was unable to procure evidence of her infidelity, but has since obtained it. The prayer is, that the decree for alimony be vacated and set aside, and the petitioner relieved from further payment, etc. A demurrer was interposed and sustained, and the petition dismissed. On appeal to the Appellate Court for the First District the order of the Superior Court was affirmed.

Mr. D. T. Duncombe, for the appellant.

Mr. Henry M. Pierce, for the appellee.

Mr. Justice Shope delivered the opinion of the Court:

It is contended that the decree for alimony is *res judicata,*— that the court, after the term at which the decree was rendered, was without power to alter or change the allowance or vacate the decree. The statute provides that when a divorce shall be decreed the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and support of the children, as from the circumstances of the parties and the nature of the case "shall be fit, reasonable and just." "And the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care and custody of the children, as shall appear reasonable and proper." (Rev. Stat. sec. 18, chap. 40.) The power over the subject matter of alimony is not exhausted by the entry of the original order, but is, under the statute, continuing, for the purpose, at any time, of making such alterations thereof as shall appear to the chancellor, in the exercise of a judicial discretion, reasonable and proper. *Foote* v. *Foote,* 22 Ill. 425; *Stillman* v. *Stillman,* 99 id. 196; *Lennahan* v. *O'Keefe,* 107 id. 620.

The application for an alteration or modification of the decree is always addressed to the judicial discretion of the chancellor, and, ordinarily, in the absence of fraud in procuring the decree, the inquiry is, in all cases, whether sufficient

cause has intervened since the decree to authorize or require the court, applying equitable rules and principles, to change the allowance. The cases cited, and others in this court, construe the statute as authorizing the interposition of the court where the circumstances of the parties have changed since the former order, and as giving the court power, for causes accruing subsequently, to alter and modify the allowance to meet the changed conditions of the party. It is not intended to continue the right to alter or modify the allowance upon the state of case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree was deemed erroneous, and it can not be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry. This we understand to be the uniform holding in this State and elsewhere. Bishop (Marriage and Divorce, vol. 2, sec. 429,) says: "The application for change is founded upon new facts which have occurred since the decree was originally made, and in the absence of new facts the original decree is deemed to be *res judicata* between the parties, which, like any other judgment, is not to be disturbed on a further hearing."

The question presented in this case therefore is, whether the adultery of the wife subsequently to divorce and allowance of alimony, as set forth in the petition, will authorize the interposition of the court to alter, modify or set aside the decree for alimony. The allowance was to the wife alone. It appears by the original decree, which is in the record, that the divorce was granted at the suit of the wife, for the willful misconduct of the husband. There is, however, nothing in the petition or record showing, or tending to show, the means or financial ability of the parties, or that any change therein

has taken place. Whether the allowance was made to the wife for her reasonable support, which the husband was required by law to furnish her out of his estate, or, in whole or in part, by way of restitution of property brought by her to the husband, or as her reasonable and equitable share of an estate accumulated by their joint labor and economies, nowhere appears. At the common law the personal property and money of the wife became the property of the husband, absolutely, upon his reducing it to possession, and, independently of the conditions creating tenancy, by the curtesy initiate, he was, upon the marriage, entitled to the possession of her lands during coverture, *de jure uxoris*.

In England, prior to the passage of the Divorce act, (20 and 21 Victoria, 85,) the courts were authorized to grant divorces *amensa et thoro*, only, except for causes rendering the marriage void *ab initio*. The universal practice, upon decreeing a divorce from bed and board, was, to allow the wife, out of the income of the husband or his estate, a reasonable sum for her support, bearing usually a fixed relation to the amount of such income. There being no dissolution of the marriage relation, the property rights were unaffected by the decree, and the right of the wife to demand, and the duty of the husband to provide support for the wife suitable to their means and condition in life, continued as before the decree. The policy of the law, as administered in the ecclesiastical courts, looked to a reconciliation of the parties and preservation of the marriage relation, and hence the allowance was for the reasonable support of the wife, only. The courts very frequently sought to do justice by increasing the allowance in cases where the property came from the wife, yet the alimony allowed was upon the basis of the wife's reasonable support during the separation.

From this practice of the ecclesiastical court is derived the technical definition that alimony is "that support which the husband, on separation, is bound to provide for the wife, and is measured by the wants of the wife, and the circumstances

or ability of the husband to pay." The duty of the husband to support and maintain the wife in a manner befitting his condition and circumstances in life still continues; but the foregoing definition may fall far short of what is termed alimony in our statute, and, indeed, in all those jurisdictions where divorces are granted *avinculo matrimonii*. It will require no discussion or citation of authority to establish that the husband owes the wife who by his fault has been driven to seek a permanent separation, not only reasonable support. and maintenance, but also that she shall be put in no worse condition by reason of the marriage, the dissolution of which has been caused by his willful misconduct. Equity and good conscience require that the husband shall not profit by his own wrong, and that restitution shall be made to the wife of the property which she brought to the husband, or a suitable sum in lieu thereof be allowed out of his estate, so far as may be done consistently with the preservation of the rights of each, and also that a fair division shall be made, taking into consideration the relative wants, circumstances and necessities of each, of the property accumulated by their joint efforts and savings. The policy of the law should be, and is, to do justice, and to give to the injured wife not merely what necessity but what justice demands. This has been so repeatedly recognized in the courts of this State that citation of authority elsewhere would seem unnecessary. *Reavis* v. *Reavis*, 1 Scam. 242; *Von Glahn* v. *Von Glahn*, 46 Ill. 134; *Stewartson* v. *Stewartson*, 15 id. 145; *Wilson* v. *Wilson*, 102 id. 300.

It will be found, in practice, that the allowance will, in many cases, have to be made upon the basis of the support and sustenance of the wife, only, and growing out of the duty of the husband to suitably support and maintain her, as, where the wife has brought nothing to the husband and has contributed nothing to the accumulation of his estate, or where resort must be had to the future earnings of the husband, and the like cases. In this class of cases the rule has

been adopted, of treating the allowance as made upon the basis of support, only, so that if the wife re-marries and acquires other means of support, the alimony will be discontinued or reduced. (*Stillman* v. *Stillman*, *supra; Ressor* v. *Ressor*, 82 Ill. 442; *Bremer* v. *Bremer*, 3 Swab & T. 249; *Willing* v. *Willing*, 16 N. Y. Eq. 389.) And so, if she subsequently acquires property, so that her means increase, or the faculties of the husband diminish, there may be a decrease of alimony. So, on the other hand, if the wife's wants and necessities increase and the ability of the husband to pay be increased, there may likewise be an appropriate exercise of the power of the court in the increase of the allowance. In those jurisdictions where, by statute, there is to be a division of the property,—that is, where alimony is a portion of the husband's estate allotted to the wife,—re-marriage or obtaining other means of support will not afford grounds for a reduction of alimony. (*Miller* v. *Clark*, 23 Ind. 370; *Albee* v. *Wyman*, 10 Gray, 222.) Under our statute the court may make such allowance in the nature of alimony, as, from the nature of the case, shall be fit, reasonable and just, taking into consideration the circumstances of the party. Preference is expressed in many of the cases determined in this court for the practice of making the allowance payable in installments; but the right and power of the court to award alimony in gross, in appropriate cases, is clearly recognized. Under our practice, whatever be the basis upon which the alimony is allowed, it is ordinarily of a sum payable in installments, as was done in this case.

There is a marked difference in respect of the property rights of the wife under our law and at common law. The wife is liable, under our statute, if she have a separate property, in common with the husband, for necessaries furnished the family. The husband and wife are placed upon an equal footing in respect to the interest each may have in the estate and property of the other, and husband and wife may contract

with each other, and she with strangers, as if she were sole. In case of divorce the courts look at the standing of the parties, the conduct of each, and from whence the estate is derived, and, having due regard to the living of each, will make such allowance to the wife as is reasonable and just. There is neither reason nor authority for holding that where the allowance has been thus made, either has the right to complain of the subsequent conduct of the other. The wife may owe, as contended, a duty to society, of which the husband is a member, to lead an exemplary life; but her allowance has been fixed upon the state of facts existing at the time of the rendition of the decree,—by the determination of what was then just and equitable, in view of the property rights of each. And the same is undoubtedly true where the property has been accumulated by the joint effort and economy of the husband and wife, and the allowance has been made to her upon the basis of a reasonable and equitable division of the estate. It may be true that the husband, in such cases, has been the apparently efficient means of its accumulation; yet if she has performed her duties as his wife faithfully, giving him her life, her care, strength and prudent management, it can no more be said that the estate is the result of his labor than it is of her labor. Conceding the general duty she owes society, what right does it give the husband to property justly hers, if she violates that duty? The husband owes a like duty to lead a moral and virtuous life. If he fails to perform it, could it be contended that it would give her a right to additional property, or that there should be an increase in her allowance in consequence? Manifestly not. In *Forest* v. *Forest*, 3 Bosw. 661, it is held, that after the divorce the wife owes no duty to the husband, and subsequent adultery is no cause for making a change in the allowance of alimony. In *Holt* v. *Holt*, 1 L. R. (P. & D.) 609, it was held that support by a paramour, with whom the wife was living, was an answer to an application by the wife for alimony while the

support continued, but not after it ceased. In *Cross* v. *Cross*, 63 N. H. 444, the court refused to interfere upon the ground of subsequent adultery, but puts its ruling upon the express ground that it did not appear but that the alimony had been allowed by way of restitution of property to the wife.

Cases may be found, and others will arise in practice, where it may be highly unjust and inequitable that the husband should continue to support the wife. It is within the power of the court to compel the payment of alimony out of the future earnings of the husband, whether the labor be manual or mental, (*Foot* v. *Foot, supra,*) and it might be, under these circumstances, unconscionable to compel the husband, by his daily labor, to support his divorced wife in idleness and prostitution. Not only reasons of justice, but authority, would seem to justify the court, in such a case, in the exercise of its general chancery powers, to modify or revoke its former order. But there is no such case made by this petition. The courts will not interfere to alter or modify allowances of alimony except in cases where equity calls clearly for the interposition. For aught that appears in this petition the entire property of the petitioner may have come from the wife, or been the result of their joint earnings and accumulations, and the court, in making the allowance, may have been making simple restitution, either for property brought to the husband or for assistance in its accumulation. In either view, the allowance should not be taken away, though her conduct be flagrant. Moreover, the rule is well settled, that upon applications of this kind it is incumbent upon the husband to show that the circumstances justifying the reduction were not produced by his fault or misconduct. An allowance was here made, commencing June 1, 1885. Two years and four months, and over, had elapsed before this application was made; yet out of the $1200 due under the decree but $200 had been paid, leaving $1000, and over, unpaid by the petitioner, in violation of the decree of the court. It is not alleged or shown that the

wife had other means of support, nor does it appear that she had the means or ability to compel the petitioner to comply with the decree. Sufficient has not been set forth to show, if it be true that this woman has led a vicious life, that it is not the result of want and penury, which the petitioner might have relieved, but refused. He does not come into court with clean hands, and will not be permitted to ask relief from a decree of which he is in contempt. Before he should be permitted to be heard he should be required to comply with the order of the court up to the time of his application.

The petition was properly dismissed, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*