### Sarah C. Warren v. Frederick H. Warren.

1. ALIMONY—*Modification of a Decree for, Addressed to the Judicial Discretion of the Court.*—The application for the alteration of an original decree for alimony is addressed to the judicial discretion of the court, and ordinarily, in the absence of fraud in procuring such decree, the inquiry is directed to ascertain whether any sufficient cause has intervened since the entry of original decree, such as should, in the application of equitable principles, authorize a change in the allowance.

2. SAME—*Power of Succeeding Chancellors to Modify a Decree for, upon Facts Existing at the Time of Its Entry.*—It is not contemplated that the same or succeeding chancellors will, after the lapse of an indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry.

Decree vacating an order for alimony. Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed March 18, 1902.

H. STUART DERBY, attorney for plaintiff in error; EDWARD C. FITCH, of counsel.

EDWARD H. MORRIS, attorney for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This writ of error is prosecuted to reverse a decree of the Superior Court vacating so much of a decree entered in a divorce proceeding instituted by plaintiff in error, as required the payment to her of $40 a month alimony.

The decree granting plaintiff in error a divorce was entered November 24, 1897, by default. It is now claimed by defendant in error that in August, 1897, prior to the filing of the bill for divorce, he made a verbal contract with

his said wife wherein she agreed to accept from him in full of all claims for alimony the sum of $300 to be paid in twelve monthly installments of $25 each, with all solicitors' fees and costs, and certain household furniture; and it is alleged that plaintiff in error fraudulently withheld from the court at the hearing of the divorce suit this alleged agreement, and that by reason of such concealment the allowance of $40 per month alimony was granted. After the entry of the original decree defendant in error was informed of its terms, and shortly thereafter sent $25 to the wife with a written form of receipt for her signature, setting forth his alleged agreement to pay $300 in monthly installments of $25, and that such payment should be in full of all demands against him. This she refused to sign, and returned him a simple receipt for the amount paid. He thereupon wrote her claiming that the agreement was as he had stated, and that her "shyster lawyer ignored the terms of his statement to me," etc. Defendant in error continued to make payments of $25 a month until twelve such payments had been made, the last having been made November 1, 1898. He then ceased making any payments. March 8th following, plaintiff in error instituted attachment proceedings to compel payment of the balance due under the decree at the rate of $40 per month. Thereupon defendant in error paid the sum of $340 back payments and continued to pay $40 a month thereafter until the time, about six months later, when he filed the petition now under review. In that petition he prays that the alimony may be abated and that he be discharged from all further payment thereof. Upon the hearing, the petition was granted, and it was ordered that defendant in error be "released and forever discharged from the obligation of paying to said Sarah C. Warren any other or further sum as alimony."

Sec. 18, Chap. 40, R. S., provides that when a divorce shall be decreed the court may make such order touching alimony, among other things, as from the circumstances of the parties and the nature of the case shall be fit, reason-

able and just; and it is further provided that the court may, on application, from time to time make such alterations in the allowance of alimony and other provisions of the decree as shall appear reasonable and proper.

The application for such alteration of the original decree is addressed to the judicial discretion of the chancellor, and ordinarily, in the absence of fraud in procuring the decree, the inquiry is directed to ascertain whether any sufficient cause has intervened since the original decree such, as should, in the application of equitable principles, authorize a change in the allowance. It is not contemplated that the same or succeeding chancellors will, after the lapse of indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry. Cole v. Cole, 142 Ill. 19–24.

In the present case no effort was made to show any particular change in the condition of the parties, financial or otherwise. It is urged as the ground for the relief sought in the petition that the alimony was procured by the wife or her attorney in violation of the agreement or understanding preceding the granting of the divorce. If, however, there was such fraud, and it is denied by the wife so far as she is concerned, the husband was advised of the allowance of the alimony immediately upon the entry of the decree. There is evidence that he was told that then was the time for him to obtain a modification of the decree if he desired so to do, and there is also evidence that he was told by the wife's solicitor that if he would go on and carry out his agreement, he, the solicitor, did not think Mrs. Warren would ever bother about the increased alimony in the decree. But on the other hand he knew that his wife refused to sign an agreement to that effect when he sent her the first payment of $25, and notwithstanding this he took no steps to have the decree corrected in accordance with his alleged understanding of the agreement. About sixteen months thereafter he paid, under the spur of attachment proceedings, the full amount of back alimony without employment of counsel, and continued to pay it as it became

Warren v. Warren.

due for six months thereafter. In September, 1899, a few days more than two years after the entry of the original decree for alimony, he attacks it by his petition on the ground of fraud in its entry. We think he should now be estopped from questioning it on that ground alone, by his acquiescence in the decree and compliance therewith without protest for so long a period. He had notice from the beginning that whatever her solicitor may have said to him, the wife herself was not willing to concede that she was entitled to $300 only by way of alimony. His inattention to the entry of the original decree, his failure to take measures to have the same corrected when attached for non-compliance therewith, his payments thereunder without protest, must, we think, be deemed equivalent to a waiver of objection thereto on the ground of the alleged agreement.

It is, however, open to him to seek a modification or alteration of the decree upon the ground that the present situation of the parties is such as to authorize a change or termination of the allowance, if such is the fact. It may be necessary for him to amend his petition in that respect, but if upon a further hearing it shall appear that the situation of the parties is now such as to justify the diminution or abrogation of the alimony allowed by the original decree, the chancellor may, in the exercise of his judicial discretion, so order. But there having been no such showing, and the order appealed from having been entered solely on the alleged agreement prior to the entry of the original decree, which defendant in error has estopped himself from now objecting to on that ground, said order must be reversed and the cause remanded.

Mr. Justice SHEPARD did not participate.