## MONTHLY PAYMENTS TO WIFE IN A DIVORCE PROCEEDING.

Circuit Court of Cuyahoga County.

KATE D. FENN v. EVERTON W. FENN.

Decided, December 3, 1912.

*Divorce and Alimony—Decree Adjudging Property of Husband to Wife Divorced for Aggression Not Subject to Modification.*

Where a divorce is decreed a husband because of the aggression of the wife, the further jurisdiction of the court in respect to the property rights of the parties is determined by Section 5700, Revised Statutes; and where in such case the decree provides for a monthly payment of alimony by the husband extending through a term of years, such payments are in fact not alimony, but property of the husband adjudged to the wife, and are not subject to modification.

*Squire, Sanders & Dempsey,* for plaintiff in error.
*Kline, Tolles & Morley,* contra.

NIMAN, J.; MARVIN, J., and WINCH, J., concur.

The action out of which this proceeding in error arises was begun in the Common Pleas Court of Cuyahoga County by Everton W. Fenn, the defendant in error, against Kate D. Fenn, the plaintiff in error, to secure a divorce.

On the trial of the original action the plaintiff was granted a divorce from the defendant upon the ground of willful absence for more than three years, but the plaintiff was ordered to pay to the defendant for her support the sum of $25 each month beginning December 1st, 1904, for the period of six years from and after said date. This was in addition to certain payments which the plaintiff was ordered to pay for the support of the children of the parties.

The journal entry in connection with this order states:

"This provision for alimony for the defendant herein is made in view of the fact that a liberal allowance had already been made by an agreement resulting in the settlement of a suit instituted by the defendant against the plaintiff for alimony in this court."

The plaintiff complied with the order made, and fully paid the installments provided for in the decree.

On December 15, 1910, the defendant filed a motion to modify the decree so as to secure an order on the plaintiff to pay to her such sum per month as the court might decree proper during the life of the defendant, or until she should remarry.

Notice of the filing of this motion was given the plaintiff in Chicago, and also to counsel of record for the plaintiff in the original action. Subsequently counsel for the defendant sought to take depositions on her behalf in support of the motion. Notice of the taking of such depositions was sent to the plaintiff by registered mail, and was served on his attorney of record. At the time set for the taking of depositions, a witness was called before the notary and questions put to him seeking to elicit information concerning the financial condition of the plaintiff. On the advice of counsel the witness refused to answer.

The notary then certified his proceedings to the court of common pleas, and asked for instructions in the matter of requiring the witness to answer the questions propounded to him. On consideration of this application, the court adjudged and decreed that it had no jurisdiction over the person of the plaintiff, and instructed the notary not to require the witness to answer the questions, and to take no further proceedings in the taking of the depositions.

On the hearing of the motion, the court adjudged that it was without jurisdiction of the plaintiff or the subject-matter of the motion, and therefore declined to consider said motion on its merits.

Exceptions were duly taken to these rulings, and by this proceeding in error it is sought to secure a reversal of the judgment entered against the defendant below.

It is contended on behalf of the plaintiff in error that the court may at any time on any change of circumstances of the parties, increase or reduce the amount awarded one of the parties as alimony, and that application for such purpose may be made in the same cause.

This contention is sustained by numerous decisions both in this state and elsewhere, where the subject-matter of the controversy is alimony in the proper and strict sense of that term. *Cole* v. *Cole,* 142 Ill., 811; *Jungs* v. *Jungs,* 5 Ia., 541; *Hoffman* v. *Hoffman,* 15 O. S., 427; *Olney* v. *Watts,* 43 O. S., 499; *Pretzinger* v. *Pretzinger,* 45 O. S., 452.

The determination, therefore, of the soundness of the rulings of the court of common pleas, which resulted in the judgment against the defendant, complained of in this proceeding, requires a consideration of the nature of the order sought to be modified. If it was a decree for alimony proper, the jurisdiction of the court was continuing and the judgment below was erroneous. If, on the contrary, it was a mere judgment for the payment of money, such that its rendition exhausted the powers of the court on that subject, unless vacated or set aside in some manner authorized by law, the action of the court below was correct.

Section 5700, Revised Statutes (now Section 11993, General Code), is as follows:

"When the divorce is granted by reason of the aggression of the wife, she shall be barred of all right of dower in the lands of which her husband is seized at the time of filing the petition for divorce, or which he thereafter acquires, whether there is issue or not; and the effect of the judgment of divorce shall be to restore to her the whole of her lands, tenements or hereditaments not previously disposed of, and not allowed to her husband as alimony, subject to the dower right of her husband therein, and the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just and reasonable or the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage, and the value of her real and personal estate at the time of the divorce, which alimony may be allowed to him in real or personal property, or both, or by decreeing to him such sum of money, payable either in gross or in installments, as the

court deems just and equitable; and if the husband survives his
wife he shall also be entitled to his right of dower in the real
estate of his wife not allowed to him as alimony, of which she
was seized at any time during the coverture, and to which he had
not reliquished his right of dower.''

Since the divorce in this case was granted the husband by rea-
son of the aggression of the wife, the power of the court to decree
any of the husband's property to her is based on said Section
5700.

The order made upon the plaintiff to pay the defendant the
sum of $25 per month for six years must be referred to the
authority of the court, not to award the defendant alimony, but
to ''adjudge to her such share of the husband's real or personal
property, or both, as it deems just.'' The fact that the pay-
ments ordered made are described as alimony does not affect
their essential character. The order was in legal effect a judg-
ment under authority of said Section 5700, Revised Statutes, for
such share of the husband's property as the court deemed just,
and that judgment is not subject to modification in the manner
attempted by the defendant.

That a distinction between alimony proper, and a judgment
rendered under authority of said Section 5700, Revised Statutes,
exists, is recognized by the Supreme Court in *Hassaurek* v. *Mark-
breit, Admr.*, 68 O. S., 544. In the opinion on page 579, it is
said:

''Nor need we consider the nature of the obligations upon
which decrees for alimony are founded, since the finding of the
court upon the evidence that the wife had been willfully absent
for more than three years, and its judgment that the marriage
relation should be terminated for that reason, excluded her right
to alimony. The court having concluded that a divorce should
be decreed for her aggression, its further jurisdiction was de-
fined by Section 5700 of the Revised Statutes as follows: 'and
the court may adjudge to her such share of the husband's real
or personal property, or both, as it deems just and reasonable.' ''

See also *Law* v. *Law*, 64 O. S., 369; *Fickel et al* v. *Granger*, 83
O. S., 101.

The judgment of the court of common pleas is affirmed.