Anna Hazelle Joachim, Appellant, v. Clarence A. Joachim, Appellee.

Gen. No. 35,783.

Opinion filed June 28, 1932. Rehearing denied July 11, 1932.

VITO B. CUTTONE, for appellant.

POMEROY & MARTIN, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The complainant (respondent), Anna Hazelle Joachim, has appealed from an order reducing the monthly payments of alimony from $300 per month, the amount provided to be paid by the defendant (petitioner), Clarence A. Joachim, to the complainant, in the original decree entered May 7, 1928, to $150 per month until the further order of the court.

The original decree, granting a divorce to the complainant, also recited, *inter alia,* that "the Court further finds that pursuant to an agreement heretofore entered between the parties hereto, settling and forever disposing of their financial rights and obligations, due to the marital relations between them, that the defendant shall pay to the complainant the sum of $325

per month from the entry of this decree up to and including the month of September, 1928, and that the defendant shall thereafter pay to the complainant the sum of $300 per month, beginning with the month of October, 1928, and every month thereafter until and up to the time of the complainant's death or remarriage; . . . that the defendant shall pay to the complainant the further sum of $1,000 in the following manner: The sum of $500 within forty-five days from the date of the entry of this decree, and the further sum of $500 within ninety days hereof; . . . that the defendant shall within ten days from the entry of this decree turn over and deliver to the complainant, five bonds of the aggregate par value of $5,000, which bonds are described as follows: One Chicago Daily News Par Value $1,000, One Aurora & Elgin Electric Ry. Par Value $1,000, One Northwestern Elevated Co. Par Value $1,000, One Memphis Commercial Appeal Par Value $1,000, One Chicago Rapid Transit Co. Par Value $1,000; . . . that the complainant shall retain forever as her personal property all the household furniture, including rugs, pictures, silver, linen, etc., which are now contained in premises known as 4754 Virginia Avenue, Chicago, Illinois; . . . that upon the defendant faithfully complying with the herein mentioned payments, then, and in that event, the complainant shall have no further or other rights of dower, or any other claim whatsoever against the defendant, or his estate or income, and the complainant hereby accepts the above provisions in her behalf as a full and final settlement of her right of dower and alimony against the defendant. . . . It is further Ordered, Adjudged and Decreed that the defendant pay to the complainant the sum of $325 beginning with the signing of this decree, and up to and including the month of September, 1928, and the further sum of $300 per month, beginning with the month of October, 1928, and

up to the complainant's death or remarriage; . . . that the defendant shall pay to the complainant the sum of $1,000 as follows: The sum of $500 within forty-five days from the entry of this decree and the sum of $500 within ninety days hereof; . . . that the defendant shall turn over and deliver to the complainant within ten days hereof, five bonds of the aggregate par value of about $5,000.''

On November 23, 1931, the defendant filed a verified petition, under section 18, chapter 40, otherwise known as the Divorce Act, Cahill's St. ch. 40, ¶ 19, which alleges, *inter alia,* ''that no child was born of the marriage of your petitioner with said complainant, and that until August 15, 1931, your petitioner fully complied with said decree and made all payments in conformity therewith; . . . that since the entry of said decree he remarried on May 25, 1929 and is now residing with his wife and minor child . . . and whom your petitioner is obliged to support; . . . that at the time of the entry of said decree . . . he was regularly employed and able at said time to comply with the payments required under the terms of said decree, but since which time he has met with financial reverses and has been out of employment since June 3, 1931, and has no prospects of employment at the present time; . . . that he has no income except the interest derived from a few bonds, which he had accumulated during his term of employment, and that he has been obliged to sell at sacrifice prices, from time to time, some of said bonds for the purpose of securing funds with which to maintain himself and family, and pay said alimony; . . . that owing to his unemployment and his depleted financial condition the terms of said decree requiring the payment of $300 per month is not only burdensome, but impossible of performance by your petitioner and which amount is, in the judgment of your petitioner, not necessary or required for

the support and maintenance of said complainant. . . . Petitioner prays that said decree . . . may be modified whereby your petitioner shall only be required to pay the sum of $50 per month to said complainant . . . ." No answer was filed to the petition, and when the cause came on to be heard on the petition the complainant contended that the chancellor was without jurisdiction to entertain the petition and to modify the decree. At the conclusion of the evidence offered by the defendant the complainant offered no evidence, and again raised the question of jurisdiction and also moved to strike out the evidence offered on behalf of the defendant. The motion to strike was denied and the chancellor then entered the order from which the appeal has been taken.

The complainant contends "the parties to a divorce have the right to enter into an agreement to dispose of and settle all their financial relations, and the parties to this case have so done, and the Court, pursuant to the agreement of the parties, embodied in its decree the terms of the financial settlement between them. Therefore, the parties to the decree are now prevented from changing the terms of the contract which was freely and voluntarily entered into at the time the contract was executed"; that "the Court had no jurisdiction to hear the petition of the defendant, hear evidence thereon and determine the issues, and modify the alimony terms entered by agreement of the parties and embodied in the original divorce decree," and that section 18 of the Divorce Act, Cahill's St. ch. 40, ¶ 19, does not give a chancellor jurisdiction to entertain a petition like the instant one. This contention has been settled, and adversely to complainant, in *Herrick v. Herrick,* 319 Ill. 146, where, in passing upon a like contention, the court said that the fact that a decree for divorce incorporates a prior agreement of the parties as to alimony does not preclude the court from modifying it under section 18 of the Divorce Act, upon appli-

cation of either party, when a change of circumstances justifies the modification, as the agreement, when made a part of the decree, loses its contractual nature and becomes an order for alimony, even though the agreement is termed in the decree ''a provision in lieu of alimony.'' (See also *Maginnis v. Maginnis,* 323 Ill. 113, 118; *Plotke v. Plotke,* 177 Ill. App. 344.) In support of her contention complainant cites *Smith v. Smith,* 334 Ill. 370. In that case the court said (p. 382): ''It is the settled construction of section 18 that it authorizes the change of a decree for alimony based only upon a changed condition or betterment of property qualifications after the decree to meet additional needs of one entitled to alimony arising after the decree. This is the only ground justifying or authorizing a re-adjustment of alimony by supplemental decree. (*Cole v. Cole,* 142 Ill. 19; *Herrick v. Herrick,* 319 id. 146.) The criterion is not whether the decree was right when entered, because all presumptions are in its favor, but the question is, Has the necessity of the petitioner changed since the rendition of the decree, and has the ability of the husband to contribute to it also changed? (*Craig v. Craig,* 163 Ill. 176.) The first decree is *res judicata* as to previous conditions authorizing alimony in the decree. (*Cole v. Cole, supra.*)'' From the foregoing quotation it is clear that the court expressly approves the ruling in *Herrick v. Herrick,* but because the petition in the *Smith* case made charges of fraud in respect to the procurement of the agreement in regard to alimony, embodied in the decree, and sought to have the same reviewed by petition under section 18, the court held that such charges were not subject to review under that section, and that if the petitioner thought that she was entitled to relief from the agreement as to alimony, embodied in the decree, she should seek relief under the general equity powers of the court.

The complainant contends that "the evidence submitted does not justify and sustain the findings of the Court." She did not file an answer to the petition and did not see fit to offer any evidence in rebuttal of the defendant's testimony, and it is evident from the record that she relied upon her contention that the chancellor was without jurisdiction to entertain the petition. Assuming, however, that she has a right to raise the instant contention, we may say, in reference thereto, that we are not prepared to hold that the chancellor was not warranted, under the evidence, in making the modifications in question.

The order of the superior court of Cook county is affirmed.

*Affirmed.*

KERNER, P. J., and GRIDLEY, J., concur.