## IRA A. W. BUCK

*v.*

## ELLEN BUCK.

60   241
125   610
60   241
66a   485
60      241
e106a¹211

1. DIVORCE—*alimony.* Where the court has decreed a divorce on the application of the wife, and thereupon the parties agree upon the alimony which the husband shall pay the wife, consisting of a gross sum of money, furniture and silver ware, etc., and it is also agreed that the husband shall support and educate an adopted daughter: *Held,* that the court will not inquire whether the amount decreed for alimony is too large, as it was fixed by the voluntary agreement of the parties.

2. Inasmuch as the support and education of the adopted child was agreed upon by the parties, the court will not determine whether such a decree could have been rendered without consent; and that, as the decree finds that the parties had agreed upon its terms, it will be presumed that the court was satisfied that the parties had voluntarily agreed upon that part of the decree.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. I. G. WILSON, Judge, presiding.

Mr. C. J. METZNER, for the plaintiff in error.

Mr. CHARLES WHEATON, for the defendant in error.

16—60TH ILL.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The defendant in error exhibited her bill in the circuit court of Kane county, to the February term, 1867, asking to be divorced from her husband, the plaintiff in error.

The summons issued therein was duly served, and there being no appearance, a decree *pro confesso* was rendered against the plaintiff in error. The court heard the evidence and pronounced a decree of divorce.

The court found that the plaintiff in error was "a man of large property," and the decree further finds and recites that, "the alimony having been settled by the consent of parties upon the basis hereinafter stated," the court thereupon decreed that the plaintiff in error should pay the defendant in error the sum of $12,000, also $1000 worth of furniture, and, in addition thereto, she was to retain "all clothing, trinkets, jewelry and silver ware" which she then had; and the decree further provided that the plaintiff in error should maintain and educate Eva Buck, the adopted child of the parties.

It is now insisted, as a ground of reversal, that the alimony allowed by the court was excessive and oppressive in the amount, and that it was error in the court to decree that the plaintiff in error should maintain and educate the adopted child, Eva Buck.

It sufficiently appears from the recitals in the decree, that the whole question of alimony was fixed and settled by the agreement of the parties, not only the amount of money and articles of personal property allowed to the defendant in error, but also the provision made for the support and ·maintenance of their adopted daughter. Having consented to these provisions of the decree, the plaintiff in error can have no relief against the force of his own voluntary agreement.

Whether the alimony is too high, or whether the court had any lawful authority to make provision for the maintenance of the adopted daughter without the consent of the plaintiff in · error, it is not now necessary for us to express an opinion. It

was competent for the plaintiff in error to consent to such a decree, and having done so, it must remain forever binding on him.

It will be presumed that the court did not enter the decree in regard to alimony, by consent of parties, without being first legally and sufficiently advised of the consent of the plaintiff in error thereto.

No error appearing in the record, the decree is affirmed.

*Decree affirmed.*