### Frank P. Collier v. Minnie A. Collier.

1. ALIMONY—*May Be Agreed Upon.*—While a husband and wife may not enter into an agreement for a divorce, yet the amount of alimony the husband is to pay to the wife, the terms of the payment and the length of time payment is to be made, may be the subject of an agreement between them.

**Assumpsit,** on a promissory note. Error to the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed October 22, 1896.

FLOWER, SMITH & MUSGRAVE, attorneys for plaintiff in error.

Instruments to secure the payment of alimony are without valid consideration and unenforceable where they are executed in connection with, and to assist in carrying out, a collusive agreement between husband and wife, whereby the latter is to obtain a divorce.    Stokes v. Anderson, 4 L. R. A. 313 and note (Ind., 1889).

An agreement by a husband to pay a sum of money to a trustee for his wife if she obtained a divorce in a suit then pending against him, in case she made no claim for alimony, is void.    Speck v. Dausman, 7 Mo. App. 165; Goodwin v. Goodwin, 4 Day (Conn.) 343; Hardy v. Smith, 136 Mass. 328.

A note given by a husband to his wife in consideration

of her withdrawing her defense in a divorce suit brought against her is void. Sayles v. Sayles, 21 N. H. 312 (53 Am. Dec. 208); Kilborn v. Field, 78 Pa. St. 194; Beard v. Beard, 65 Cal. 354; Stilson v. Stilson, 46 Conn. 21; Stoutenberg v. Lybrand, 13 Ohio St. 228.

Charles C. Arnold, attorney for defendant in error.

Where a contract on its face appears to have been entered into with a view to the law of some other place, its validity and construction are governed by the law of that place. Adams v. Robertson, 37 Ill. 45; Lowy v. Andreas, 20 Ill. App. 521; Wharton's Conflict of Laws, Sec. 398–401.

Where the maker of a promissory note seeks to avoid the same on the ground that the consideration was illegal, the burden of proof is upon him to show the fact by a clear preponderance of the evidence. Pixley v. Boynton, 79 Ill. 351; Benson v. Morgan, 26 Ill. App. 22; Eich v. Sievers, 73 Ill. 194; Mitchell v. Deeds, 49 Ill. 416; Wickersham v. Beers, 20 Ill. App. 243.

And the obligation is upon the one seeking to set aside the contract as illegal to show that it is so, under the law of the State governing it in that behalf. Nichols v. Lumpkin, 19 J. & S. (N. Y.) 88.

Mr. Justice Waterman delivered the opinion of the Court.

The question presented in this case is whether a note upon which judgment was rendered against the plaintiff in error was given in settlement of a valid claim for alimony, which defendant in error had against him.

While a husband and wife may not enter into an agreement for divorce, yet the amount of alimony the husband is to pay to the wife, the terms of the payment, and the length of time payment is to be made, may be arranged between them by consent. Buck v. Buck, 60 Ill. 241; Storey v. Storey et al., 125 Ill. 608.

The question of whether the note in suit was given for alimony and not for an agreement to permit a divorce, was

fairly submitted to the jury under conflicting evidence, which fully warranted the jury in arriving at the conclusion it did.

We find no sufficient reason for reversing the judgment of the court below and it is affirmed.