**Sadie Plotke, Appellant, v. Isadore Plotke, Appellee.**

**Gen. No. 17,718.**

1. DIVORCE—*alteration of alimony.* R. S. c. 40, § 18, which authorizes the court to change the allowance of alimony when the circumstances of the parties have changed since the former order, does not authorize the court to modify or change the allowance of alimony upon the same state of facts which existed at the time the decree was rendered.

2. DIVORCE—*where gross sum is awarded as alimony.* Where a decree awards a sum in gross for, or in lieu of, alimony, such a decree is regarded as final and the gross sum, when paid, operates as a discharge and satisfaction of all claim for future support of the wife, but where alimony takes the form of a weekly, monthly or yearly allowance, the power is expressly reserved by statute for the court to modify it according to the varying circumstances and needs of the parties.

3. DIVORCE—*power of court to modify alimony decree entered by consent.* Where a divorce is granted and "by consent of both parties" it is ordered that "in lieu of alimony" the husband shall convey to the wife certain property, pay certain debts and pay a fixed allowance for the wife each month, it being shown later that circumstances have changed, the court has power to modify the original decree notwithstanding the fact that it was entered by consent.

4. DIVORCE—*when error for court to modify a decree so that it provides for payment of a gross sum.* Where a husband is unable to meet the obligations of a decree of alimony requiring him to pay a certain sum each month, it is error for the court to modify the decree so that it provides for the payment of a fixed sum in settlement of all claim for the future support and maintenance of the wife, where the wife does not consent and it does not appear that such an amount is a fair equivalent.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed February 13, 1913.

SIMMONS & IRVING, for appellant.

A. L. GETTYS, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

This is an appeal from an order modifying a decree for the payment of alimony. By the terms of the original decree, entered in October, 1909, a divorce was granted to appellant and, "by consent of parties," it was ordered that "in lieu of alimony" appellee should quitclaim to appellant the family residence in Chicago, with all the furniture and household goods, and a summer cottage in Indiana, pay certain bills and accounts aggregating about $900, pay to appellant $1,760 in cash and notes and $75 solicitor's fees, and in addition thereto, pay "for the support of said Sadie Plotke" $50 a month for the first six months and $60 a month thereafter. Appellee complied with all these requirements, except the last. He paid the required monthly instalments for about a year and then stopped paying. On being threatened with contempt proceedings, he filed a petition asking for a modification of that part of the decree requiring him to pay $60 a month. In his petition, he alleged that it had taken all his property to satisfy the first part of the decree, and that he had nothing left but his law practice (being a practicing lawyer) from which he was not making enough to pay his necessary office and living expenses, and that he had been obliged to borrow money to meet the monthly payments he had already made. After an extended hearing, the court found that he was unable "at present" to comply with the decree, and upon a suggestion of appellee's counsel that appellee might be able to borrow $1,500 if the court would strike out of the decree all provisions for the payment of $60 per

month, the court entered an order for the payment of $1,500 in lieu of the monthly instalments to accrue from and after the date of the order, "in complete discharge of his obligations to pay periodical sums in the future."

It is urged as a ground for reversal, that as the original decree for alimony was entered by consent, it cannot be changed or modified except by consent, and that in the absence of such consent on the part of appellant, it must "remain forever binding" upon appellee. In support of this view, counsel for appellant rely mainly upon one paragraph found in the opinion filed in the case of Buck v. Buck, 60 Ill. 241. In that case, the defendant prosecuted a writ of error from a decree which recited that the whole matter of alimony had been fixed and settled by the agreement of the parties, and the plaintiff in error claimed that the amount agreed on was excessive. In affirming the decree, the court applied the familiar principle that a party to a decree cannot take advantage in a court of review of any alleged error to which he consented or failed to object, in the court below. It is true that in the opinion filed by the court it is also said: "It was competent for the plaintiff in error to consent to such a decree, and having done so, it must remain forever binding upon him;" but this sentence must be read in the light of the facts of that case and the contention to which it was pertinent. It does not purport to announce any general rule, and it cannot, therefore, be detached bodily from its context and applied, as a universal principle of equity, to cases in which the facts are essentially different. In this case, appellee did not attack the original decree upon any theory that it was erroneous or inequitable under the facts as they existed at the time the decree was entered, but sought to have it modified and a new order entered upon proof of facts occurring subsequent to the date of the decree. Section 18 of Chapter 40 of the Revised Statutes provides that "the court may, upon application, from time

to time, make such alteration in the allowance of alimony and maintenance * * * as shall appear reasonable and proper.'' In Cole v. Cole, 142 Ill. 19, it was held that this provision of the statute does not authorize the court to modify or change the allowance of alimony upon the same state of facts which existed at the time the decree was rendered, but authorizes the court to change the allowance when the circumstances of the parties have changed since the former order. Furthermore, it was held in Plaster v. Plaster, 47 Ill. 290, that where the decree awards a sum in gross for, or in lieu of alimony, such a decree will be regarded as final and the gross sum, when paid, will operate as a discharge and satisfaction in full for all claim for future support of the wife. See also, Griswold v. Griswold, 111 Ill. App. 269. The decree in the case of Buck v. Buck, *supra,* was of that character. But where the provision for alimony in the decree takes the form of a weekly, monthly, or yearly allowance, the power is expressly reserved by this statute to modify such a provision of the decree at any time, according to the varying circumstances and needs of the parties (Plaster v. Plaster, *supra;* Griswold v. Griswold, *supra;* Welty v. Welty, 195 Ill. 335), whether so expressed in the decree or not. Hilliard v. Anderson, 197 Ill. 549. Such was the character of the original decree in this case. It must be presumed that the parties entered into their agreement as to alimony with full knowledge on their part, or on the part of their solicitors, of the existence and effect of this statute. If the court had been asked in this case to enforce to the letter the original decree, it would clearly have been within its power to permit such a partial compliance with the decree as was shown to be reasonably practicable under all the circumstances and refuse to enforce the remainder. It is equally clear that this course would amount, in its practical effect, to a modification of the decree, for the time being, at least. This being true, we can perceive no sound reason why the court, in

the exercise of its broad equity powers, entirely apart from the statute, may not enter an order having the same effect. Certainly no useful purpose can be served in keeping upon the records of the court an order which, in equity and good conscience, the court must decline to enforce.

But while we are clearly of the opinion that under the circumstances shown in this case the court below had full power to modify the original decree notwithstanding the fact that it was entered by consent, we think the court erred in adopting the suggestion of appellee's counsel and upon that basis alone, directing a gross amount to be paid in full of all claim for the future support and maintenance of appellant. Under the authorities above cited, such an order, when complied with, would forever discharge appellee from all obligation to provide even such future support for his former wife as his means will permit and her necessities require. The order contains a finding that the "earnings of the defendant at the present time are not sufficient to enable him to discharge the obligations of the said decree;" but there is no finding to the effect that he is not able to pay any part of such obligations, nor that the amount offered by his counsel is a fair equivalent for such part as he is or may be able to pay. Without some such finding of facts, we think the order for the payment of alimony in gross should only have been entered with the consent of the appellant; for by such an order, she is forever barred from making any further application to the court, even if his earnings from his law practice shall increase ten-fold. If appellant shall refuse to accept the offer of appellee, an order should be entered reducing the amount of the monthly instalments (until the further order of the court) to such amount as the court may find to be "reasonable and proper" under all the circumstances.

The order of the Circuit Court will be reversed and remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*