## Raymond C. Thayer, Appellee, v. Niobie G. Thayer, Appellant.

### Gen. No. 20,199.

DIVORCE, § 168*—*how decree effects property rights.* Where, in a divorce suit, the parties entered into an agreement, approved by the court in its decree, that the wife should have all the personal property and she should pay the husband fifteen hundred dollars for his interest in certain real estate, for which she gave her notes, secured by a trust deed on the property, the decree fixing their property rights was *held* binding in a suit to foreclose the trust deed, when she refused to pay certain of the unpaid notes and re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pudiated the notes and trust deed as arising out of an illegal transaction.

Appeal from the Superior Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914. *Certiorari* denied by Supreme Court (making opinion final).

J. MARION MILLER, for appellant.

THEODORE JOHNSON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a decree of foreclosure of a trust deed in the nature of a mortgage given by her to secure a series of notes amounting to fifteen hundred dollars made, indorsed and delivered by her to the complainant October 22, 1910. May 26, 1903, the parties, then being husband and wife, purchased the mortgaged premises and the same was conveyed to defendant. The purchaser assumed a prior mortgage of three thousand five hundred dollars, paid two hundred dollars cash and for the remainder gave a series of notes secured by second mortgage. February 10, 1910, Mrs. Thayer filed her bill in the Circuit Court praying for a divorce on the ground of cruelty, and therein alleged that her husband had put into the said premises eight hundred dollars, but alleged that he had the use of a part of said premises and collected rent on the remainder, which use of the premises and rent collected more than set off any money put into said premises by him, and she prayed that she might be decreed to be the sole owner of said premises. The defendant answered the bill, denying the charge of cruelty and claiming an equal interest with complainant in said premises. When the cause was reached for hearing before Judge Tuthill, complainant's solicitor told the judge that the parties had agreed that the complainant should

have all of the personal property and should pay defendant one thousand five hundred dollars for his interest in said real estate. The decree in that case finds the defendant guilty of cruelty as charged in the bill and further finds that the defendant had contributed towards the purchase of said real estate one thousand five hundred dollars, and after disposing of the personal property decrees that complainant give to defendant thirty notes for fifty dollars each, payable monthly for thirty consecutive months, and a trust deed conveying said real estate to secure said notes. By an amendment to the bill in this case complainant set up the facts above stated. Mrs. Thayer made the notes and trust deed she was directed by the decree to make and paid the first eleven notes as they fell due, but refused to pay the remainder and insists that the notes and trust deed grew out of an illegal transaction and therefore cannot be enforced.

The agreement of the parties in the divorce suit related only to the interest that the defendant claimed in the real estate in question. He claimed to have an equitable one-half interest therein and she claimed that although he had contributed eight hundred dollars towards its purchase he had been repaid the money contributed. Both parties were represented by counsel, and when an agreement was reached it was stated to the court and was approved by the court in and by its decree in the divorce suit.

We think that the decree entered under such circumstances is binding on the parties. 2 Bishop on Marriage and Divorce, sec. 702; *Storey v. Storey*, 125 Ill. 608; *Buck v. Buck*, 60 Ill. 241; *Henderson v. Henderson*, 37 Ore. 141.

The record is, in our opinion, free from error and the decree is affirmed.

*Affirmed.*