## Harriet Herrick, Appellant, v. Robert Herrick, Appellee.

### Gen. No. 29,382.

DIVORCE—*power of court to modify provisions of separate maintenance decree incorporated in divorce decree.* Where agreements between husband and wife living apart as to provision for the support of the wife were subsequently incorporated in a decree for divorce, which retained jurisdiction for the purpose of carrying into effect any of the agreements in relation to alimony, the court thereafter had power to modify provisions for monthly payments to the wife for support and an annual emergency payment, under the power given the court by section 18 of the Divorce Statute, Cahill's St. ch. 40, ¶ 19, but was without power to dispense with annual reports by the husband to the trustees of the amount of his income, as provided for in the agreements, in accordance with which the monthly payments were to be increased or decreased.

THOMSON, J., dissenting in part.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Affirmed in part and reversed in part. Opinion filed April 29, 1925.

MONTGOMERY, HART & SMITH, for appellant; JOHN R. MONTGOMERY, of counsel.

JOHN F. CASHEN, JR., for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal Harriet Herrick seeks to reverse an order entered by the superior court of Cook county on December 18, 1923, whereby the alimony which, theretofore, she had been receiving from the defendant was reduced.

The record discloses that the parties to this proceeding had been married many years prior to 1914 and on the second day of February of that year, they together with certain trustees entered into a written agreement which recited that complainant, the wife of the defendant, was then living separate and apart from him, without fault on her part, and that the defendant was desirous of providing a suitable home and separate maintenance for her. It was mutually agreed that the defendant should turn over and deliver to the trustees certain bonds of the par value of $15,000. This trust fund, it was provided, was to be managed by the trustees and they were to apply it toward the purchase of a home for complainant if she so elected and for her support, and upon her death, if any part of the fund remained in the hands of the trustees, it was to be held for the use and benefit of Philip Herrick, the son of complainant and defendant. The agreement further provided that the defendant was to turn over to the trustees life insurance policies upon his life amounting to $17,000 and that upon the death of the defendant and the payment of the amount due under the policies to the trustees they were to use the income of such fund for the support of complainant or so much of it as they might deem proper. It was provided that in case the defendant survived the complainant, the policies were to be returned to him. There was a further provision whereby the defendant was to pay to the trustees, semiannually, $150 to be used for the benefit of the complainant in case of her illness or incapacity or other extraordinary circumstances, and he also agreed to pay to the trus-

tees $350 monthly during the lifetime of complainant which was to be paid to her for her support and maintenance. It was further stipulated and agreed that in case complainant should thereafter become the wife of any other person than the defendant, the payment of the emergency fund of $300 per year payable semiannually and the $350 per month should cease and determine, and complainant in that event should lose her interest in the insurance fund but should retain her interest in the trust fund of $15,000. The agreement contains other provisions, but it is unnecessary to refer to them in this opinion.

Nearly two years afterwards, January 7, 1916, a supplemental agreement was entered into between the same parties by the terms of which the original agreement was modified. This supplemental agreement recited that complainant had filed her bill for divorce against the defendant in the superior court of Cook county, Illinois, and that the parties desired to modify the original agreement "and to make provision for alimony" for complainant in case she should be awarded a decree of divorce. And it was mutually agreed that the monthly payments of $350 provided for in the original agreement should be reduced to $300 per month; that in case there was a decree of divorce the obligations of the defendant under the original and supplemental agreement should constitute and be deemed a provision for alimony for complainant and stand in lieu of all her rights in or against the defendant's estate. There was a further provision in the supplemental agreement whereby the defendant was to deposit certain bonds of the face value of $5,000 as a guarantee for the prompt payment by him of the $300 per month and the $300 emergency fund, and it was provided that as long as the defendant was not in default under the original and supplemental agreements, the interest accruing upon such $5,000 bonds should be paid to him and unless

the trust company, which held them, was notified to the contrary by the trustees, it should assume that the defendant was entitled to the interest on the $5,000 bonds. The supplemental agreement further provided that the defendant, during the lifetime of complainant, provided that she did not become the wife of any other person, should keep true and accurate books of account of all earnings and income derived by him from professorial or literary activities, or from any vocation in which he might engage, and that on or before the 15th day of February of each year, beginning February, 1916, he should present to the trustees a written statement subscribed and shown to by him showing all his earnings and income from such sources during the preceding twelve months and if such sworn report was found to be correct and the defendant's annual income was more than $8,500 from such source, then the defendant was to pay to the trustees for the benefit of the complainant 50 per cent of the amount over and above the $8,500, provided that such sum should not exceed $600, and in case the income was less than $8,500, 50 per cent of such sum should be deducted from the monthly allowance of $300, provided that in no month should the deduction exceed $50, and provided further that it should not exceed $600 in any year. Both the original and supplemental agreements were signed by the complainant, the defendant and the two trustees.

On the 26th day of January, 1916, a decree for divorce was entered by the superior court of Cook county in favor of complainant and against the defendant on the ground of wilful desertion. The court found that the parties had entered into the original and supplemental agreement, and they were incorporated in the decree and the court further found that such provisions and agreement constituted a proper provision for alimony and for the support and maintenance of the complainant. The original and

supplemental agreements were decreed to be in full force and effect and it was provided that they should be accepted by complainant as a provision in lieu of alimony and of her support and maintenance, and in full satisfaction of all her rights and claims in and to the estate and property of defendant. The decree also contained the following: "And the court doth further retain jurisdiction of this cause, for the purpose of carrying into effect any of the agreements of the parties in relation to alimony, as expressed in the above recited trust agreement and the supplement thereto."

More than seven years after the decree of divorce was entered, the defendant filed his petition in the divorce suit, setting up certain matters in relation to the amount he had expended toward carrying out the provision of the decree and in support of his son and praying that the payments required of him under the decree be modified. The complainant filed her answer to the petition in which she set up certain matters, tending to show that no reduction should be made, and on the same day filed her petition wherein, after making certain allegations, she prayed that an order be entered requiring defendant to show cause why he should not be attached for contempt by reason of his failure to render a sworn statement of his earnings from his professorial and literary activities as required by the decree of divorce, and also that he be required to pay other sums which she claimed he was in default. The matter came on for hearing on the pleadings and evidence produced in open court and an order was entered whereby defendant was released from the payments of the emergency fund of $300 annually and from filing with the trustees the verified annual statements of his income and it was further ordered that thereafter the defendant pay the complainant $2,400 per annum in monthly instalments of $200 each "until the further order of the court."

The court further found that the defendant was in arrears in the sum of $1,203 under the decree and he was ordered to pay that sum within ten days. On the 4th of January, 1924, an order was entered, finding that the defendant had paid the $1,203 and on the same day another order was entered, allowing complainant an appeal from the order modifying the terms of the divorce decree.

Complainant contends that an agreement between husband and wife, made while they are living separate and apart, providing for the support of the wife, is valid and binding if found to be fair and reasonable, and that if subsequently a decree of divorce approves and adopts the agreement as a provision for alimony, the court cannot at a later term modify the agreement without the consent of the parties; that in the instant case the court was without power to alter or change the payments which the defendant agreed to make under the provisions of the original and supplemental agreements which were approved by the court in the decree of divorce. We cannot agree with the contention in its entirety, but are of the opinion that the court was without power in the divorce proceeding to change or modify the terms of the decree except in so far as the decree provides for the monthly payments and the $300 annual emergency payments. The original and supplemental agreements are binding obligations and, if they are breached, the party aggrieved may in a proper forum apply for relief, but this could not be done in the divorce proceeding. But we are of the opinion that the provision in the supplemental agreement for the monthly payments and the emergency payments when incorporated into the divorce decree became but a provision for alimony payable in instalments and under the provisions of section 18 of our statute on divorce (Cahill's St. ch. 40, ¶ 19), the court in the divorce proceeding may from time to time make such alterations in the allow-

ance of such alimony though fixed in the original decree by agreement of the parties, as shall appear reasonable and proper. *Plotke v. Plotke,* 177 Ill. App. 344; *Thompson v. Mentzer,* 216 Ill. App. 470. We are, therefore, of the opinion that the court had the power to modify the decree of divorce in so far as those two items are concerned.

But the complainant contends that even if it be held that the court had such power, the facts as disclosed by the evidence did not warrant the reduction made by the chancellor. Considerable evidence was taken before the court as to the ability of the defendant to make the payments required by the decree from which it appears that he had severed his connection with the University of Chicago on account of ill health, and that his income was consequently reduced. And when it further appears, from the record, that his resources and income were, at all times, very modest in amount, we cannot say that the court was not warranted in making the reduction. We think, however, that the court was in error when it ordered that the defendant be relieved from filing annual written reports subscribed and sworn to by him, showing his income as provided for in the supplemental agreement and in the divorce decree. The making of these reports was provided for in the supplemental agreement and embodied in the decree, and the purpose of them was to show whether the defendant's income was more or less than $8,500 per annum, and if his income fell far below that sum it would reduce the monthly payment agreed to be made by him to $250. And since the order in question required the defendant to pay but $200 monthly, it might be that the court was of the opinion that the making of the annual reports would be a useless task. As the order in question provided for the payment of $200 monthly "until the further order of the court" and as the learned chancellor well said if it appears that the

Herrick v. Herrick, 236 Ill. App. 478.

defendant's income in the future should be more than it was at the time of the entering of the order, complainant might apply for an increase and the court would have the power to give it to her, and, this being true, the annual statements should be continued as they might contain the necessary information on which complainant might base her application. In so far as the order relieves the defendant from filing such statements it is reversed but in all other respects it is affirmed.

*Affirmed in part and reversed in part.*

TAYLOR, J., concurs:

MR. JUSTICE THOMSON specially concurring in part and dissenting in part: In my opinion the situation presented in this case should be distinguished from that presented in the *Plotke* case, cited in the foregoing decision, and cases similar to that, where the alimony provisions of a divorce are incorporated therein, "by agreement of the parties." In the case at bar the parties have done much more than that. They have executed a formal written contract, which is valid and binding on both of them, in which they have provided for the payment of a stipulated sum, monthly, to trustees for the support and maintenance of the wife, and have also provided for the creation of certain trust funds for her benefit in which she is given rights, some of which the contract provides she may continue to enjoy, even though she may marry again, and others of which are to continue even if she survives her husband. That is far more than a mere provision for alimony. The fact that the parties have also agreed that their contract may be incorporated in the decree for divorce, if approved by the chancellor, in lieu of alimony, does not reduce the situation to one where the alimony part of the decree has merely been entered "by agreement of the parties." Even when that has been done, all the rights and obligations of the parties, under their con-

tract, remain, and they continue to be bound by them. The court may not thereafter alter or modify any of those contract rights and obligations by an order entered on petition of one of the parties, in the absence of the consent of the other party. *Emerson v. Emerson,* 120 Md. 584.

In my opinion, the chancellor, had no jurisdiction to enter any order affecting the so-called emergency trust fund created by the contract between the parties or the amounts to be paid to the trustees for that fund, from time to time, by Herrick. That portion of the contract of the parties, though incorporated in the divorce decree by agreement of the parties, was beyond the realm of alimony as contemplated by our law, and, therefore, was not such a provision of the decree as might be altered from time to time under section 18 of the Divorce Act (Cahill's St. ch. 40, ¶ 19). It may be that under that section the court had jurisdiction to alter the original divorce decree, so far as the monthly payments of $300 for Mrs. Herrick's support and maintenance are concerned, that being a provision in the nature of alimony, but that could have no effect on Herrick's obligation, under his contract, to make those payments. The only effect of such an order would be to remove the right of Mrs. Herrick, under the original decree, to enforce the payments, by contempt proceedings, except to the extent of the provisions of the new order.