HARRIET HERRICK, Appellant, *vs.* ROBERT HERRICK,
Appellee.

*Opinion filed December 16, 1925.*

1. DIVORCE—*decree incorporating agreement as to alimony may
be modified.* A consent decree cannot be reviewed by either party
thereto, but the fact that a decree for divorce incorporates a prior
agreement of the parties as to alimony does not preclude the court
from modifying it under section 18 of the Divorce act, upon appli-
cation of either party, when a change of circumstances justifies the
modification, as the agreement, when made a part of the decree,
loses its contractual nature and becomes an order for alimony, even
though the agreement is termed in the decree "a provision in lieu
of alimony."

2. SAME—*alimony does not rest on contractual relation.* Ali-
mony does not arise from any business transaction but from the
relation of marriage, and it is not founded on contract but on the
natural and legal duty of the husband to support the wife.

3. SAME—*definition of alimony.* Alimony is that allowance out
of the estate of her husband which is made to a woman for her
support when divorce is decreed, and is based on the principle that
the husband must furnish his wife a suitable support correspond-
ing in degree with his pecuniary ability and social standing.

4. SAME—*what may be considered in modifying provision for
alimony.* As the amount of alimony decreed is based on the need
of the wife and the ability of the husband to pay, a change in
either element may justify the court in modifying the order for ali-
mony, and in making the change the court should take into consid-
eration the property and income of the parties, their ages, health
and social conditions, and whether there are children dependent
upon one or both of them.

5. SAME—*when order modifying alimony will not be reversed.*
Where there is a change in circumstances which upon principles of
equity requires a change in the order for alimony, the Supreme
Court will not disturb a modification with respect to the amount of
payments required after a full hearing before the chancellor.

APPEAL from the Third Division of the Appellate Court
for the First District;—heard in that court on appeal from
the Superior Court of Cook county; the Hon. JOHN J. SUL-
LIVAN, Judge, presiding.

MONTGOMERY, HART & SMITH, (JOHN R. MONTGOM-ERY, of counsel,) for appellant.

JOHN F. CASHEN, JR., for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

February 2, 1914, appellant and appellee entered into an agreement providing for the separate maintenance of appellant and for the support of their son, Phillip. The parties were married June 9, 1894, and lived together as husband and wife until February, 1913. The agreement recites that appellant is living apart from appellee without her fault, and that appellee is desirous of providing for appellant and their son a suitable and proper home and suitable support and maintenance. The agreement provided that appellee should deposit with certain named trustees bonds of a par value of $15,000, to be held in trust for the use and benefit of appellant and her son, Phillip. The trustees were given power to use the income, and, if necessary, the principal, to support the beneficiaries, and, if requested in writing by appellant, to invest the fund in a suitable dwelling, and furnishings to equip the same, for her use as a residence. Upon the death of appellant the trustees are directed to hold the fund, or any property purchased with it, in trust for the use and benefit of Phillip as appellant shall by her will direct, and in the event she does not dispose of the fund by will the trustees are directed to hold the fund for the use and benefit of Phillip until he has reached the age of twenty-five years, and then pay over to him the fund or whatever remains of it. In the event of Phillip's death before that of his mother, the fund, or any part of it remaining at the time of her death which has not been disposed of by her will, reverts to appellee. Appellee also agrees to keep in force $17,000 of life insurance, payable upon his death to the trustees, the income from such fund

to be used for the benefit of appellant and the principal to be paid over as directed in the will of appellee. Appellee also agrees to pay to the trustees, semi-annually, on the first day of March and September, the sum of $150, to be held in a special fund for the use and benefit of appellant in case of her illness or of some other situation deemed by the trustees to be an emergency. Appellee further agrees to pay to the trustees $350 a month during the lifetime of appellant for her proper support and maintenance and to make provision for the support, education and maintenance of Phillip. Each party released all interest which either had in the property of the other by way of homestead, dower or otherwise. There was also a clause in the agreement which provided that in case appellant became the wife of another person the monthly payments and the payments to the emergency fund should cease and the insurance policy, if still outstanding, should be assigned to appellee or his nominee.

In 1915 appellant filed her bill for divorce, and thereafter, on January 7, 1916, a supplemental agreement was made. This recited the making of the first agreement and the filing of the bill for divorce, and stated that it was the purpose of the parties to make proper provision for alimony for appellant in case she should be successful in her suit. By the supplemental agreement the monthly payments were reduced to $300 a month, with a proviso that if his income from professorial or literary activities should exceed $8500 a year he should pay to the trustees, for the use and benefit of appellant, fifty per cent of the amount of such excess, the total amount of excess payments, however, not to exceed $600; and in the event his earnings from such sources were less than $8500 he should be entitled to a credit of fifty per cent of the deficiency, except that his credit for no month should be greater than $50 and that his total credits for the year should not exceed $600. He further agreed to deposit $5000 in securities as a guaranty of his

making the monthly payments.  He also agreed to keep a true and accurate account of all his earnings and income derived from professorial and literary activities, and to file with the trustees annually, on the 15th day of February, a written statement showing all such earnings and income during the twelve months next preceding the first day of the month of February in which such statement was made. On January 26, 1916, the court entered its decree granting to appellant a divorce and incorporating in its decree the two agreements as a proper provision for alimony for appellant and for the care, support and education of the son, Phillip.

At the time the decree was entered Phillip was sixteen years old, all the parties were enjoying average good health, and appellee was employed as a professor at the University of Chicago.  December 4, 1923, appellee filed a petition setting forth a change of circumstances and asking that the court modify the provision for alimony.  The petition alleges that appellee has made diligent efforts to comply with the terms of the agreements incorporated in the decree and has borrowed large sums of money in order to meet his obligations; that because of the illness of his son from March, 1922, to March, 1923, he had contracted large bills for medical, surgical, hospital and traveling expenses; that for more than two years he had suffered extreme ill-health and had contracted large bills for medical and traveling expenses; that in March, 1923, because of his ill-health he was compelled to leave the University of Chicago and take up his residence in California; that because of a chronic bronchial trouble, which makes it impossible for him to endure the winter climate of Chicago, he has been compelled to resign his professorship at the University of Chicago and will be unable to follow his usual occupation.  To this petition appellant filed an answer, averring that the court retained jurisdiction of the cause solely for the purpose of carrying into effect the agreement of the parties regarding

alimony as expressed in the agreements but that it did not retain jurisdiction for the purpose of modifying the terms of the agreements. She also filed a petition setting forth the provisions of the agreements for her support and maintenance and alleging that appellee had failed to file the annual report of his earnings for the last two years, and that the only information she had respecting his earnings for the years ending on the first day of February, 1922, and the first day of February, 1923, consisted of the statements made in his petition for modification of the decree; that since the first day of November, 1923, he had failed to comply with the terms of the decree by paying the monthly payments required; that she is sixty years old, has no independent means, is in ill-health and is without sufficient funds to pay her bills. She prays that a rule be entered upon appellee to show cause why he should not be held in contempt for his failure to comply with the terms of the decree. December 18, 1923, the chancellor entered an order releasing appellee from making the payments to the emergency fund and from filing the annual statements of his earnings, and directing him to pay to appellant for her support and maintenance $200 a month until the further order of the court. He was found to be in arrears $1203, and this amount he paid. From this order an appeal was taken to the Appellate Court for the First District, and that court modified the order by requiring the filing of the annual statements and affirmed it as modified. Upon the granting of a certificate of importance this further appeal was prosecuted.

The principal question involved on this appeal is whether a court of chancery has, by virtue of the provisions of section 18 of the Divorce act, the power to modify the provision for the support and maintenance of the wife made in a trust agreement and thereafter by consent of the parties incorporated in the decree as provision for alimony. This question has not been decided by this court but it has been

decided by the Appellate Court of this State, (*Plotke* v. *Plotke,* 177 Ill. App. 344; *Thompson* v. *Mentzer,* 216 id. 470;) and the decision of the Appellate Court in this case is based upon its earlier decisions. Whether the chancellor had the power to order appellee to make the provisions for the support and maintenance of appellant that were made in the agreements is not a question here. It was competent for appellee to make the provisions he did make and to consent to the incorporation of such agreements in the decree as a proper provision for alimony, and, both parties having consented to the provision of the decree with respect to alimony, it is binding upon them until it is modified. Being a consent decree it cannot be reviewed upon the application of either party, (*Buck* v. *Buck,* 60 Ill. 241,) but that does not preclude the court which entered the decree from modifying it when there is a change in circumstances which justifies a modification. Section 18 of the Divorce act specifically provides that "the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper." Alimony does not arise from any business transaction but from the relation of marriage. It is not founded on contract but on the natural and legal duty of the husband to support the wife. (*Barclay* v. *Barclay,* 184 Ill. 375; *Audubon* v. *Shufeldt,* 181 U. S. 575, 21 Sup. Ct. 735.) It is that allowance out of the estate of her husband which is made to a woman on a decree of divorce for her support. The principle on which alimony is given to the divorced wife is, that the husband shall furnish his wife what shall be deemed a suitable support corresponding in degree with his pecuniary ability and social standing. Our statute is silent as to when and why the husband may be relieved from further payment of alimony imposed by the decree. In the absence of legislation the question remains for the decision of the court. (*Stillman* v. *Stillman,* 99 Ill. 196.)

A decree for divorce is like a final decree in any other case and cannot be changed except in so far as the statute granting the power to award alimony to the wife authorizes the court to alter it to meet new conditions. (*Kelley* v. *Kelley,* 317 Ill. 104.) In addition to providing alimony during the joint lives of the parties, the decree, by consent, may provide for the payment of alimony as long as the wife lives, (*Storey* v. *Storey,* 125 Ill. 608,) and thereby give a substitute for dower. (*Adams* v. *Storey,* 135 Ill. 448.) The fact that the provision made for the support and maintenance of the wife is incorporated in the decree by agreement of the parties adds nothing to the force of the decree and does not affect the power of the court to enter further orders respecting alimony. (*Southworth* v. *Southworth,* 168 Mass. 511, 47 N. E. 93; *Lally* v. *Lally,* 152 Wis. 56, 138 N. W. 651.) In the instant case the agreements, which by the consent of the parties, and no doubt at the instance of appellant, were incorporated in the decree as a proper provision for alimony became merged in the decree when entered and thereupon lost their contractual nature, at least to the extent that the court has the power to change and modify the decree, upon the application of either party, when a change of circumstances justifies the modification. (*Belding* v. *Huttenlocher,* 177 Iowa, 440, 159 N. W. 191; *Camp* v. *Camp,* 158 Mich. 221, 122 N. W. 521.) In entering its decree the court is not controlled by the agreement of the parties respecting alimony and may adopt or reject it, as seems consistent and proper from the situation of the parties as disclosed by the evidence. (*Warren* v. *Warren,* 116 Minn. 458, 133 N. W. 1009.) The fact that such stipulations are adopted by the court does not change the situation. At the time this suit was commenced section 18 of the Divorce act expressly provided for the change and modification of the allowance for alimony, and the agreement between the parties to this action fixing the allowance to be paid appellant as alimony in the event a decree should

be entered in her favor must be deemed to have been entered into in view of the statute, which by implication became a part of the same. After the decree was entered the rights of the parties rested upon it and not upon the agreements. The fact that the decree stated that the provision made by the agreements is decreed by the court to be "a provision in lieu of alimony" did not change the character of the allowance. *Welty* v. *Welty,* 195 Ill. 335.

The foundation of alimony being the obligation of the husband to support his wife, and the decree being merely the enforcement of that obligation in behalf of a wife legally permitted to live apart from her husband, our statute wisely recognizes that a change in circumstances may require a change in the decree. As the measure of the sum required is necessarily the need of the wife and the ability of the husband to pay, the amount decreed will logically be affected by change in either element. (*Wallace* v. *Wallace,* 74 N. H. 256, 67 Atl. 580.) Where there is a change in circumstances which upon principles of equity requires a change in the order for alimony there is no doubt of the power of the court to make the modification. (*Cole* v. *Cole,* 142 Ill. 19.) In making the change the court should take into consideration, as it apparently did in the case at bar, the property and income of the parties, their ages, health and social conditions, and whether there are children dependent upon one or both of them for support. (*Gilbert* v. *Gilbert,* 305 Ill. 216; *Decker* v. *Decker,* 279 id. 300.) It is undisputed that there has been considerable change in the circumstances of this family since the original decree was entered. When the order modifying the allowance for alimony was made the son was twenty-four years old and was soon to graduate from college, and appellee by reason of ill-health had been compelled to resign from his professorship and had suffered considerable reduction in his regular income. The order was entered after a full hearing before the chancellor, and we are not prepared to say that the

modification with respect to the amount of payments required was not warranted by the evidence. That being true, the order of the chancellor must stand. (*Doyle* v. *Doyle,* 268 Ill. 96; *Zimmerman* v. *Zimmerman,* 242 id. 552; *Heyman* v. *Heyman,* 210 id. 524.) Appellee does not complain of the modification requiring him to file annual statements as provided in the original decree. While we do not agree with the reasons given for its decision we are in accord with the conclusion reached by the Appellate Court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*