Submitted on briefs March 28; affirmed April 25, 1933

## BURCH *v.* HOTCHKISS

(21 P. (2d) 209)

*Herbert P. Welch,* of Lakeview, for appellant.
*T. S. McKinney,* of Lakeview, for respondent.

ROSSMAN, J.   Appellant's brief contains no assignment of error stating, as Rule 9 of the rules of this court requires, the alleged error which he contends the circuit court committed. However, since he confines his argument to the contentions that the court erred when it refused to sustain his demurrer to the reply, and overruled his motion for a judgment on the pleadings, we assume that those are the rulings which he desires reviewed in this court.

The complaint was in the usual form for an action upon a promissory note. The answer, after admitting the execution of the note, averred lack of consideration, and charged that the plaintiff obtained the note by representing to the defendant "that a sum of money would be owing from defendant to plaintiff by virtue of a certain decree of divorce wherein plaintiff herein was plaintiff and defendant herein was defendant, whereas no such sum or any would ever be owing". It then recited a copy of that decree which provided: "That defendant be and he is hereby required to pay to plaintiff for the maintenance, care and custody of each of said minor children during its minority the sum of $300 annually ($600 for the two), said sum to be paid in two semi-annual installments.   *   *   *" By way of further answer and cross-complaint, the answer averred that this note was one of a series, signed by the defendant October 20, 1918, in which the plaintiff was payee; that the last of these notes would not become payable until October 1, 1935; and that when the defendant signed them the plaintiff informed him that the sums for which the notes were given were

due to the plaintiff "on account of support and mainte-
nance which plaintiff claimed and represented would
be due and owing upon the due dates of each of said
notes herein from defendant to plaintiff for the sup-
port and maintenance of Mae Hotchkiss, the daughter
of plaintiff and defendant. Whereas, defendant was
and is under no legal or moral obligation to contribute
any sum whatever to the support and/or maintenance
of said Mae Hotchkiss after April 20, 1929. That on
the 1st day of October, 1931, the 1st day of October,
1932, the 1st day of October, 1933, the 1st day of
October, 1934, and the 1st day of October, 1935, the
same being the due dates of each of said notes, respec-
tively, the said Mae Hotchkiss had theretofore attained
her legal majority. * * * That ever since attain-
ing her majority as aforesaid the said Mae Hotchkiss
was and now is a healthy, able-bodied woman, amply
able to earn sufficient money to support herself''. The
reply denied all affirmative allegations of the answer,
and averred: ''That on or about the 20th day of
December, 1918, defendant made, executed and de-
livered to plaintiff a series of promissory notes in
the sum of $300 each, two of said notes falling due
each year until and including the year 1935, the due
date on said notes being the 1st day of April and the
1st day of October, respectively, of each year; that
prior to the execution and delivery of said promissory
notes a decree of divorce had been entered in the case
of Aleen Hotchkiss v. William Hotchkiss in which
decree the plaintiff was awarded the care and custody
of the minor children of plaintiff and defendant, the
said minor children being referred to as Mae Hotchkiss
and Rae Hotchkiss; that at the time of the execution
and delivery of the said promissory notes it was under-

stood and agreed by and between the parties hereto that the sums provided for therein were to be paid by defendant to the plaintiff herein as his share of the expense of the care and maintenance of the said children of plaintiff and defendant during their minority, and for the proper education of Mae Hotchkiss, regardless of the fact that she would reach her legal majority before certain of said promissory notes would become due and payable; that in pursuance of said contract and agreement so entered into between plaintiff and defendant, the plaintiff herein has arranged for the proper education of the said Mae Hotchkiss and has already incurred considerable expense for said purpose''.

■ Defendant argues that the pleadings indicate "that the notes in question were executed for purely a moral consideration, therefore, defendant was entitled to a judgment on the pleadings''. We do not so construe the pleadings. The affirmative allegations of the answer having been denied in the reply, we are bound by the averments made by the plaintiff: 49 C. J., Pleading, p. 668, § 946. From these it appears that before the defendant delivered these notes to the plaintiff the two had already agreed that the amount thus to become payable to the plaintiff represented the defendant's share of the expense the plaintiff was expected to incur in caring for their two children and in schooling Mae, even though Mae's schooling should be continued after she reached the age of majority. The reply alleges that, pursuant to "said contract and agreement so entered into between plaintiff and defendant'', the plaintiff arranged for Mae's education "and incurred considerable expense for such purpose''. It thus appears that the plaintiff agreed with the defendant that

she would expend these moneys in the above manner, that this duty to the children for which the two made provision has not yet been fully performed, and that in discharging her part of the agreement she ''has already incurred considerable expense''. In consideration of the plaintiff's promise that she would do the above things, he agreed to pay her the sums stated in these notes. Such a promise does not lack consideration: *Dunham v. Dunham,* 189 Iowa 802 (178 N. W. 551), and *Buck v. Buck,* 60 Ill. 241. The aforementioned ''contract and agreement'' is not averred as fully as might be desired, but the averments are sufficient in the absence of a motion for further particulars.

The above disposes of the only contentions presented by the defendant. The judgment and decree of the circuit court are affirmed.