Ann Loeb, Appellant, v. Paul Gendel, Appellee.

Gen. No. 48,212.

First District, First Division.
February 15, 1961.

Schwartz & Cooper, of Chicago (Ira S. Kolb, of counsel) for appellant.

Jerome Berkson, of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a suit for specific performance of a post-divorce oral agreement, made by the parties prior to plaintiff's remarriage. Plaintiff appeals from an order dismissing her amended complaint.

In May 1957, after 20 years of marriage and the birth of three children, plaintiff, Ann Loeb, and defendant, Paul Gendel, were divorced. A copy of the divorce decree, attached to the amended complaint, shows he was found guilty of cruelty, and plaintiff was awarded custody of their three minor children. The decree incorporated the terms of a voluntary property settlement agreement of the parties.

In addition to child support of $250 per month, defendant was directed to pay plaintiff $900 each month for a period of ten years and one month, "with the express understanding that in the event of plaintiff's remarriage, said payments are to cease upon the date of such marriage, it being expressly understood that this payment shall constitute a lump sum settlement in lieu of alimony."

The decree also provided that the title to their former home was to remain in joint tenancy until plaintiff remarried, in which event she was to become the sole owner. If she did not remarry and the home was sold, the proceeds of the sale were to be invested and the profits divided between them. If, after the sale, she remarried, she was then to receive outright the

156

entire sale proceeds. Also, plaintiff was awarded the family furnishings and an automobile.

In March 1958, plaintiff informed defendant she had an offer of remarriage, which she would not accept unless he would pay her, on her remarriage, "all or a part of the monies defendant agreed to pay her as a lump sum settlement in lieu of alimony." They then orally agreed that he was to increase the child support payments to $433 a month; that on her remarriage, defendant would pay her $100 per week until June 1967, or until her death; and that these funds would be put in trust, with the defendant as trustee, and any profits to be divided between them.

Plaintiff remarried on April 20, 1958. Defendant increased the child support payments to $100 weekly. He established a bank account for plaintiff's benefit and made deposits totaling less than $200. Thereafter, he "advised plaintiff he did not intend to carry out his agreement relating to the creation of the trust for plaintiff's benefit."

In addition to the foregoing, the amended complaint alleges that defendant is an attorney; that she placed great trust in him; that he told her she did not need independent counsel and promised that he would confirm their oral agreement by letter; that he never intended to carry out the promises which he made to induce her to irretrievably change her position to her detriment and his benefit; that his representations were a scheme to defraud her and relieve him of the obligation to pay her $97,200 under their property settlement agreement. Plaintiff asks for specific performance of the oral agreement, or that the court decree a constructive trust exists between them.

As defendant admits the oral agreement, our principal question is whether the oral agreement violates that part of the Statute of Frauds (Ill. Rev. Stat. 1959,

Ch. 59, § 1) which says that no action shall be brought "to charge any person upon any agreement made upon consideration of marriage, or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

Plaintiff contends the oral agreement was supported by ample consideration apart from her promise to remarry; that the doctrine of equitable estoppel "will not permit defendant to hide behind the Statute of Frauds to avoid the effects which his conduct has caused"; that the provisions of the decree for the payment of $900 each month to plaintiff constituted "a lump sum settlement in lieu of alimony," and not payment of periodic alimony, and the oral agreement did not change the $900 monthly payments into "periodic alimony." The authorities cited by plaintiff to support these contentions are not persuasive in this case.

■ Alimony is founded on the natural and legal duty of the husband to support the wife in a degree corresponding with his pecuniary ability and social standing. (Herrick v. Herrick (1925) 319 Ill. 146, 151, 149 N. E. 820.) Section 18 of the Divorce Act contains the proviso that "a party shall not be entitled to alimony and maintenance after remarriage." In Adler v. Adler (1940) 373 Ill. 361, 373, 26 N.E.2d 504, the court said that this proviso in section 18 "made it mandatory upon the court to cancel alimony payments in all cases where the recipient had remarried." In Miller v. Miller (1943) 317 Ill. App. 447, 46 N.E.2d 102, a provision of the agreement, made a part of the

158

decree, which provided that the remarriage of the wife should not affect the monthly payments, was held to be a nullity.

■ ■ Plaintiff's right to the $900 monthly payments rested solely on the divorce decree. A property settlement agreement which is later incorporated in a divorce decree becomes merged in the decree. (Adler v. Adler, 373 Ill. 361, 369, 26 N.E.2d 504.) Absent the death of either, the payments were to terminate at the end of a fixed period or in the event of plaintiff's remarriage, whichever came first. The provision was not for a gross sum of $108,900, payable in instalments. There was no such provision in the decree nor any language from which it can be inferred. The statement, "This sum shall constitute a lump sum settlement in lieu of alimony," did not change the character of the monthly payments to a gross sum. (Herrick v. Herrick, 319 Ill. 146, 153, 149 N. E. 820.) Under either the decree or section 18, plaintiff's remarriage would have terminated these payments, unless the oral agreement is binding on defendant.

In seeking specific performance of the oral agreement, plaintiff contends that the earlier agreement was superseded, and the effect of the oral agreement "was to modify the earlier contract by striking out the provision terminating payments to plaintiff on her remarriage"; also, that the oral agreement was not one for periodic alimony but a property settlement agreement. We do not agree. The basic claim which plaintiff now seeks to assert under the oral contract is essentially a claim for alimony and barred by both the divorce decree and section 18.

■ We believe the Statute of Frauds is a bar to her action. The only consideration for the oral promise was her remarriage, which brings it within the statute.

The theoretical saving to him of monthly instalments cannot be called additional consideration, because it was a right given him by both the decree and section 18. The law charges the second husband with the duty of supporting her, and it would be unreasonable to permit her to enjoy that right and to demand alimony from her former husband at the same time. (Maginnis v. Maginnis (1926) 323 Ill. 113, 118, 153 N. E. 654.) In fact, it appears that she improved her position through her remarriage—by increased child support and sole title to their former home.

We do not believe the doctrine of equitable estoppel applies to this case. "The moral wrong of refusing to be bound by an agreement because it does not comply with the Statute of Frauds, does not of itself authorize the application of the doctrine of estoppel, for the breach of a promise which the law does not regard as binding is not a fraud. . . . To hold otherwise would be to render the statute entirely nugatory." (Ozier v. Haines (1952) 411 Ill. 160, 163, 103 N.E.2d 485.) Defendant owed no fiduciary duty to plaintiff. The amended complaint alleges no act on his part which would estop him from claiming the benefit of the Statute of Frauds. We find no words or conduct by defendant amounting to a misrepresentation or concealment of material facts. Plaintiff was fully informed as to the provisions of the decree and the effect of her remarriage. Defendant had no information that she did not have. We fail to see that because defendant later decided not to be bound by the oral agreement, which the Statute of Frauds permitted him to do, that this amounted to fraud or misrepresentation on his part at the time of the oral agreement. Plaintiff, in remarrying, must be said to have acted solely upon her own judgment and her own risk in changing her position in reliance on the oral promise, and she is not entitled to the application

160

of the estoppel doctrine. Plaintiff's amended complaint does not support such a theory.

For the reasons given, the judgment of the chancellor is sustained.

Judgment sustained.

KILEY, P. J., and BURMAN, J., concur.